UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RIDGH GENESIS ACHILLE,

    Plaintiff,

v.                                  Case No. 5:24-cv-180-TKW-MJF

J. PETTIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's first amended complaint, the undersigned recommends that the District Court dismiss this action as malicious, under 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's failure to disclose honestly and accurately his litigation history.

### I. Background

Plaintiff is a prisoner—as defined by the Prison Litigation Reform Act of 1995 ("PLRA") Pub. L. No. 104-134, 110 Stat. 1321 (1996)—and currently in the custody of the Florida Department of Corrections. His inmate number is "E42044." Doc. 7 at 1.

On August 6, 2024, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle

District of Florida. Doc. 1 at 1. Because the Middle District was not the proper venue, United States District Judge Wendy W. Berger transferred this action to the United States District Court for the Northern District of Florida. Doc. 3. On September 23, 2024, Plaintiff file an amended complaint. Doc. 7 at 1.

## II. DISCUSSION

### A. Screening Under the PLRA

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to

dismiss a prisoner's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

## B. Plaintiff's Disclosures

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 7 at 8–12. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.* at 8.

The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?

C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.* at 9–11.

Plaintiff responded, "No" to Question A, and did not disclose any case. *Id.* at 9. Plaintiff responded "Yes" to Questions B and C on the complaint form and identified three federal cases:

- *Achille v. Diaz*, No. 6:23-cv-1473 (M.D. Fla.) (filed July 31, 2023).

- *Achile v. Warden of Osceola Cnty. Corr. Dep't*, No. 6:22-cv-1110-WWB-LMP (M.D. Fla.) (filed June 27, 2022).

- *Achille v. Bynum,* No. 5:24-cv-194-TKW-MJF, (N.D. Fla.) (filed Sept. 3, 2024).

*Id.* at 11.[1]

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 12–13. That is, Plaintiff asserts under the penalty of perjury that he only filed three federal lawsuits prior to commencing this civil action.

---

[1] In his initial complaint, Plaintiff stated that he had never filed any federal civil actions. Doc. 1 at 8–10.

## C.  Plaintiff's Omissions

When Plaintiff filed his original and amended complaint, Plaintiff failed to disclose that he had filed several cases and appeals in federal court. The undersigned takes judicial notice of the following three cases:

- *Achille v. Sec'y Dep't of Corr.*, No. 6:24-cv-561-WWB-DCI (M.D. Fla.) (petition for writ of habeas corpus filed on April 1, 2024, and dismissed on May 31, 2024);

- *Achille v. Diaz*, No. 6:24-cv-503-CEM-DCI (M.D. Fla.) (section 1983 filed on Mar. 12, 2024, and dismissed on April 16, 2024, prior to service); and

- *Achille v. Diaz*, No. 6:24-cv-1494-PGB-EJK (M.D. Fla.) (section 1983 action filed on Aug. 12, 2024, and dismissed on September 19, 2024, as malicious and abuse of the judicial process).[2]

These cases are attributable to Plaintiff because they bear his FDC inmate number: E42044. Furthermore, they are responsive to the Questions on the complaint form.

Because Plaintiff failed to disclose these cases and others in his original and amended complaints, Plaintiff violated his duty of candor to

---

[2] Although this case was filed the same day as the instant suit, this court may properly consider this case. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming district court's dismissal of civil action for abuse of judicial process where the plaintiff failed to disclose a case that was filed between the commencement of the action and the filing of the amended complaint).

the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.     The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed

*pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This

is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases and appeals. Doc. 7 at 8. He also was aware that the penalty for failing to disclose his litigation history was dismissal. *Id.* ("***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***"); *cf. Achille v. Diaz*, No. 6:24-cv-1494-PGB-EJK, Order to Show, ECF No. 6 (M.D. Fla. Aug. 19, 2024) (ordering Plaintiff to show cause why the case should not be dismissed for Plaintiff's failure to disclose honestly and completely his litigation history); *id.*, Order Dismissing Case, ECF No. 9 (Sept. 19, 2024) (dismissing Plaintiff's complaint for failing to disclose honestly and completely his litigation history).

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and

easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Furthermore, it is Plaintiff's responsibility to ensure that he has a list of his litigation history. *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023). If he did not have the information, he could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Id.*; *see* Fed. R. Civ. P. 11(b)(3) (by signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support.") (emphasis added); *see* Doc. 1 at 11 (Plaintiff certifying that his complaint complies with Rule 11 of the Federal Rules of Civil Procedure).

Additionally, a claim that Plaintiff could not remember these cases seems dubious. First, Plaintiff was actively prosecuting *Achille v. Diaz*, No. 6:24-cv-1494-PGB-EJK while prosecuting this civil action. Thus, it is unlikely that Plaintiff simply forgot this case. Similarly, Plaintiff

disclosed two cases that he had filed approximately one and two years, respectively, prior to commencing this lawsuit. Plaintiff's cases *Achille Sec'y Dep't of Corr.*, No. 6:24-cv-561-WWB-DCI and *Achille v. Diaz*, No. 6:24-cv-503-CEM-DCI (M.D. Fla.) were filed less than a year ago and concluded less than six months prior to Plaintiff commencing this civil action. Thus, a claim that he could not remember these recent cases strains credulity when Plaintiff disclosed cases that he filed at least one year prior to the commencement of this lawsuit.

### E. <u>The Appropriate Sanction is Dismissal Without Prejudice</u>

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir.

2013). Federal courts cannot let false responses go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process by not providing the District Court with true statements or responses. Because Plaintiff is alleging that Defendants violated his rights on May 17, 2024, Florida's four-year statute of limitations likely will not preclude Plaintiff from refiling this action. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

F. **No Lesser Sanction Would Suffice**

No lesser sanction would suffice to deter Plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice

will serve as a warning to Plaintiff and others that future misrepresentations to courts may result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 8th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>**

**and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**