UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RIDGH GENESIS ACHILLE,**

    **Plaintiff,**

v.                                                                                       Case No. 5:24cv180-TKW-MJF

**J. PETTIS, et al.,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 14) and Plaintiff's objection (Doc. 17). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to fully disclose his litigation history. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

The Court did not overlook Plaintiff's assertions that he was found incompetent in the past and that he suffers lingering medical and mental health issues

as a result of the incident giving rise to this case. However, those issues do not excuse Plaintiff's failure to fully disclose his litigation history because they did not prevent him from disclosing some of his prior cases. Moreover, the fact that Plaintiff understood the litigation history questions on the civil rights complaint form well enough to disclose several of his prior cases undercuts any argument that that the form is not understandable.[1]  *See Prenatt v. Dixon*, 2023 WL 3687990, at *1 (N.D. Fla. May 26, 2023) (rejecting inmate's argument that legal knowledge was needed to understand the questions on the civil rights complaint form and noting that the inmate "apparently understood the questions on the form well enough to disclose one of his prior cases").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED WITHOUT PREJUDICE as malicious an abuse of the judicial process under 28 U.S.C. §§1915(e)(2)(B)(i) and 1915(A)(b) for abuse of the judicial process based on Plaintiff's failure to fully disclose his litigation history.

---

[1] Plaintiff did not explicitly argue that he did not understand the questions on the complaint form, but he implied it when he asserted that "[t]he plaintiff … understands that the court may believe that the form is simple but for some people it isn't." Doc. 17 at 2.

3. The Clerk shall terminate all pending motions, enter judgment in accordance with this Order, and close the case file.

**DONE AND ORDERED** this 9th day of December, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**